## L. C. Perks and Thomas Higgins, trading as Perks & Higgins, Appellants, v. L. F. Tippett et al., Appellees.

### (Not to be reported in full.)

Appeal from the Circuit Court of Alexander county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Bill in aid of execution by L. C. Perks and Thomas Higgins, partners, trading as Perks & Higgins, plaintiffs, against L. F. Tippett and others, defendants, to enforce a judgment against certain real estate of defendants. From a judgment dismissing plaintiffs' bill for want of equity, plaintiffs appeal.

CHARLES L. RICE, for appellants.

REED GREEN, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. EXECUTION—*what is competent evidence of issuance of.* The execution docket required under the law to be kept by the circuit clerk of a county is competent evidence tending to show whether or not an execution was issued.

2. EXECUTION—*when evidence is sufficient to show that execution was not issued.* Where a judgment creditor, before a justice of the peace, testified, seven years after filing a transcript of said judgment in the office of the circuit clerk of the county, that an execution was immediately issued by the deputy clerk in said office and delivered immediately thereafter to the sheriff of the county, and the deputy clerk corroborated such testimony, but the sheriff

testified that no execution upon such judgment had ever been delivered to him, and both the records kept by him as sheriff and the execution docket kept by said circuit clerk showed no such execution, *held* that a finding that no such execution had been issued would not be disturbed.

3. APPEAL AND ERROR, § 1399*—*when confirmed findings of master will not be disturbed.* Where the evidence is conflicting and the chancellor has confirmed the findings of the master, the decree of the court will not be disturbed unless it is clearly and manifestly against the weight of the evidence.